IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KURT D. SILVA,**

    **Plaintiff,**

v.             CIV. No. 98-0197  JP/WWD

**GOODWILL INDUSTRIES
OF NEW MEXICO, INC.,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

On June 28, 1999, Plaintiff filed a Motion for Review of Clerk's 6/23/99 Order Settling Costs, [Doc. No. 73]. After thoroughly reviewing the parties' briefs and the applicable law, I conclude that Plaintiff's motion should be denied in part and granted in part.

### BACKGROUND

On March 24, 1999, I granted final partial summary judgment in favor of Defendant Goodwill Industries of New Mexico, Inc. on Plaintiff Kurt D. Silva's claims for gender discrimination and hostile work environment, and I dismissed these claims with prejudice. I also dismissed Plaintiff's claim for breach of contract without prejudice. On June 1, 1999, Plaintiff filed a Complaint for Wrongful Termination in Breach of Implied Employment Contract in state court against Defendant.

On April 2, 1999, Defendant filed a Request for Court Clerk to Tax Defendant's Cost Bill. In a June 23, 1999, Order Settling Costs, the Clerk awarded $1,994.77 in costs to Defendant. On

June 28, 1999, Plaintiff filed his Motion for Review of Clerk's 6/23/99 Order Settling Costs.

## LEGAL STANDARD

My review of the Clerk's order is de novo. *See Furr v. AT & T Technologies*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987). FED. R. CIV. P. 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995); *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980). If the court does not award costs to the prevailing party, it must provide a reason for not doing so. *See Cantrell*, 69 F.3d at 459; *Serna*, 616 F.2d at 1168.

Deposition costs that may be taxed under 28 U.S.C. § 1920(2) are those "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Under the local district court rule, deposition costs are taxable "when the deposition is reasonably necessary to the litigation." D.N.M.LR-CV 54.2(b)(1). Local Rule 54.2(b)(2) states:

> A deposition is reasonably necessary to the litigation when:
>
> (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
> (B) the deposition is used by the Court in ruling on a motion for summary judgment; or
> (C) the Court so determines.

D.N.M.LR-CV 54.2(b)(2). "The rates for witness fees, mileage and subsistence . . . are taxable if found reasonably necessary to the litigation." D.N.M.LR-CV 54.2(c)(1)(A).

Costs may also be taxed for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Local Rule 54.2(e) provides for taxation of the costs of copying an exhibit when the exhibit is requested by the Court or when a copy, in place of the original, is admitted into evidence. *See* D.N.M.L.R.-Civ. 54.2(e).

2

**DISCUSSION**

Plaintiff did not make specific objections to individual costs. Instead, he generally argues that the Clerk's Order Settling Costs is premature and should be vacated because Plaintiff has refiled his breach of implied contract claim in state court. In support of his argument, Plaintiff cites *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1342 (10th Cir. 1998). Defendant responds that the Clerk's award of costs is appropriate because Defendant is the prevailing party on the federal claims, which I dismissed with prejudice.

*The Clerk's Order Settling Costs in not necessarily premature*

In *Callicrate*, the Tenth Circuit provided guidance in determining when costs should be awarded where a federal court has dismissed claims without prejudice. In that case, the plaintiff brought suit in federal court against three defendants alleging claims for breach of contract, breach of warranty, strict liability, fraud, and punitive damages arising out of a dispute involving the sale of protein feed supplement by one of the defendants to the plaintiff. The district court dismissed the plaintiff's claims for lack of diversity jurisdiction, and the plaintiff then refiled his claims in state court against two of the defendants. *Id.* The district court awarded deposition costs under 28 U.S.C. § 1919, but imposed a stay on the execution of the award of costs with regard to the two defendants against whom the plaintiff had refiled his claims in state court.[1] *Id.* at 1338. On appeal, the Tenth Circuit first noted that the standards applied under 28 U.S.C. § 1920 were helpful in determining the proper award of costs under 28 U.S.C. § 1919. *Id.* at 1339. The Tenth Circuit held that defendants in the state court litigation should be awarded the costs

---

[1] The Tenth Circuit noted that the plaintiff was "immediately indebted" to the third defendant for the assessed costs award because the plaintiff had not refiled claims against him in state court.

3

associated with obtaining the dismissal of the plaintiff's claims in federal court but *not* those costs associated with preparing for the merits of the claims that had been dismissed and refiled in state court. *Id.* at 1342.

This case is similar to *Callicrate* in that I dismissed a claim without prejudice that Plaintiff later refiled in state court. However, this case differs from *Callicrate* because here Plaintiff had also filed federal claims, and I entered final partial summary judgment in favor of Defendant on Plaintiff's federal claims and dismissed them with prejudice. (Final Partial Summary Judgment, entered March 24, 1999, Docket No. 65) Therefore, Defendant is a prevailing party under FED. R. CIV. P. 54 entitled to those costs associated with obtaining dismissal of the federal claims with prejudice. Under *Callicrate*, the Defendant is also entitled to those costs associated with obtaining the dismissal of Plaintiff's breach of contract claim without prejudice in federal court. *Id*. However, because Plaintiff has refiled the breach of contract claim in state court, Defendant cannot recover costs associated exclusively with preparing for the merits of the breach of contract claim. *Id*.

*The Clerk's Order Settling Costs*

In the Clerk's Order Settling Costs, the Clerk awarded costs for the depositions of Cheryl McLamb, Jeannie Hidalgo, Rose Lopez, Margaret McNatt, Lindsay Watson, Kurt D. Silva, and Charles Lynn on the ground that I had relied upon them in reaching my decision to grant summary judgment in favor of the Defendant. The Clerk also awarded uncontested costs[2] and costs for copies of Plaintiff's medical records, copies of exhibits, copies of Plaintiff's employment record

---

[2] Plaintiff did not contest the costs of the depositions of Shari Ann Quimbly and John Geral Melia.

from Aztec Municipal Schools, and a copy of the transcript of proceedings of the New Mexico Department of Labor Appeals Tribunal because they "were relevant to the issues in the case and necessarily obtained for use in the case." (Clerk's Order at 3.)

*Depositions costs of J. Hidalgo, R. Lopez, M.McNatt, Kurt D. Silva,
C. Lynn, C. McLamb, and L. Watson*

The Clerk properly awarded costs for the depositions of Jeannie Hidalgo, Rose Lopez, Margaret McNatt, Kurt D. Silva, and Charles Lynn because I cited them either in the fact section of the March 24, 1999, Memorandum Opinion and Order or in the section discussing the dismissal of Plaintiff's federal claims with prejudice. However, I cited only the affidavits--not the depositions--of Cheryl McLamb and Lindsay Watson in the Memorandum Opinion and Order. Therefore, the Clerk erred in awarding costs for the McLamb and Watson depositions on the ground that I had cited to their depositions.

Nevertheless, the Clerk's award of the costs of the McLamb and Watson depositions was proper because excerpts of these depositions were attached to either or both of the parties' briefs. Plaintiff attached excerpts of McLamb deposition to his Response to Defendant's Motion for Summary Judgment, and he cited the McLamb deposition in the fact section of his brief and in the section discussing the federal claims. (Resp. at 2, 19.) Plaintiff also attached excerpts of the Watson deposition to his Response and cited to it in the facts section of the brief. (Resp. at 7.) The Defendant attached excerpts from the Watson deposition to its Motion for Summary Judgment, (Ex. F), and cited to it in the facts section of its brief and in the section discussing Plaintiff's federal claims. Therefore, the award of costs for the Watson and McLamb depositions is authorized under D.N.M.LR-Civ. 54.2(b) and is permissible under *Callicrate* because the costs

of the depositions are not associated exclusively with the breach of contract claim that was dismissed without prejudice and then refiled in state court.

*Copying costs*

The Clerk awarded copying costs under 28 U.S.C. § 1920(4) in the amount of $143.50. That amount included an award of $27.55 for the cost of copying exhibits. Local Rule 54.2(e) specifically provides for the taxation of the costs of copying an exhibit. It allows for an award of costs "when the exhibit is requested by the Court or when a copy is admitted into evidence in place of the original." *See* D.N.M.L.R.-Civ. 54. 2(e). Because Defendant's Request for Court Clerk to Tax Defendant's Cost Bill does not identify the exhibits for which it seeks copying costs, it is impossible to determine whether they were copies of exhibits requested by the Court or copies of exhibits admitted into evidence in place of the originals. Therefore, the Clerk's award of $27.55 for the cost of copying exhibits will be vacated.

Defendant also requested costs for copying Plaintiff's employment record from Aztec Municipal Schools, Plaintiff's medical records from UNM Health Center and from Dr. Steve Hsi, and the transcript of the New Mexico Department of Labor Appeals Tribunal on May 30, 1997. These copying costs are governed by 28 U.S.C. § 1920(4). *See Tays, Sr. v. Metler, et al.*, Civ. No. 95-0860 SC, slip op. at 14 (D.N.M. September 19, 1998) ("Local Rule 54.2(e) applies only to costs of copies of exhibits. Any other copy cost falls under the general standard of 28 U.S.C. § 1920(4)."). Under 28 U.S.C. § 1920(4), costs for copies of papers may be awarded if they are "necessarily obtained for use in this case." Because Plaintiff sought damages for emotional pain and suffering, his medical records were necessarily obtained for use in this case. Also, the copy of the transcript of the New Mexico Department of Labor Appeals Tribunal on May 30, 1997, was

necessarily obtained for this case because the transcript related to Plaintiff's claim of unlawful sex discrimination. However, I conclude that the copy of Plaintiff's employment record from Aztec Municipal Schools was not necessarily obtained for use in this case because it did not directly bear on either the claims alleged or Plaintiff's request for damages. Therefore, the Clerk's award of $12.55 for the copying of the school records will be vacated.

IT IS THEREFORE ORDER that Plaintiff's Motion for Review of Clerk's 6/23/99 Order Settling Costs [Doc. No. 73] is DENIED in part and GRANTED in part as follows:

1. the Clerk's award of copying costs for exhibits in the amount of $27.55 is vacated because it is impossible to determine whether this award was appropriate under D.N.M.L.R.-Civ. 54. 2(e);

2. the Clerk's award of copying costs for Plaintiff's employment record at Aztec Municipal Schools in the amount of $12.55 is vacated because the school record was not necessarily obtained for use in this case; and

3. in all other respects, the Order Settling Costs is affirmed and costs are taxed against the Plaintiff and in favor of the Defendant Goodwill Industries of New Mexico in the total amount of $1,954.67.

_____
**UNITED STATES DISTRICT JUDGE**